Opinion filed June 25, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 25,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00079-CR 

                                                     __________

 

                               DAVID
GENE ALEXANDER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 90th District Court

 

                                                       Stephens
County, Texas

 

                                                   Trial
Court Cause No. 29,465

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

After
the trial court denied his motion to suppress, appellant pleaded guilty to the
offense of possession of a controlled substance.  The trial court sentenced
appellant to confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of fifteen years and assessed a fine of $1,000. 
In a single issue, appellant challenges his conviction by asserting that the
trial court erred in denying his motion to suppress.  We modify and affirm.[1]








                                                              Factual
Background

Stephens
County Sheriff James Reeves was the only witness that testified at the hearing
on the motion to suppress.  On January 10, 2003, Sheriff Reeves received a
telephone call from Dickie Gray, a rancher who had property in northern
Stephens County.  Gray reported to Sheriff Reeves that he observed a
four-door Buick enter through a gate onto his property.  Sheriff Reeves
testified that the gate Ahad
the purple paint No Trespassing signs.@ 
See Tex. Penal Code Ann. ' 30.05(b)(2)(D) (Vernon Supp. 2008). 
Gray additionally reported that he followed the car as it exited his ranch and
that he stopped the car to speak with its two occupants about why they were on
his property.  Gray furnished Sheriff Reeves with the car=s license number and
requested Sheriff Reeves to locate the car and its occupants.  Sheriff Reeves
testified that Gray was concerned that the men in the car might have stolen
some of his equipment.

Sheriff
Reeves and Deputy Sheriff Adam Babilon saw the Buick that Gray observed. 
Sheriff Reeves initiated a traffic stop of the Buick for the purpose of
identifying its occupants and giving them a trespass warning for Gray.  See
Tex. Penal Code Ann. ' 30.05(a)(1), (b)(2)(A)
(Vernon Supp. 2008).  As Sheriff Reeves activated the lights and siren on his
patrol vehicle, he observed the Buick accelerate and speed away toward
Breckenridge.  The Buick did not immediately stop while being pursued by
Sheriff Reeves.  He continued to follow it until it stopped at an apartment
complex.  The driver of the vehicle quickly exited the vehicle.  Sheriff Reeves
detained the driver while Deputy Babilon approached appellant, who was a
passenger in the Buick.  Sheriff Reeves noted a strong odor of ether
coming from the car.  When the officers removed appellant from the car, they
observed a large fruit jar in the floorboard that contained white powder
floating in liquid.  Sheriff Reeves subsequently arrested the men for
possession of methamphetamine.

                                                                          Issue

In
his sole issue, appellant challenges the trial court=s ruling on the motion to suppress.  He 
contends that Sheriff Reeves did not have a valid basis for initiating the
traffic stop.

                                                              Standard
of Review








A
trial court=s denial
of a motion to suppress is reviewed for an abuse of discretion. Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We use a bifurcated
standard of review in analyzing the trial court=s
ruling.  Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).
When a trial court=s
fact findings are based on an evaluation of witness credibility or demeanor,
almost total deference is given to its factual determinations that are
supported by the record.  St. George v. State, 237 S.W.3d 720, 725 (Tex.
Crim. App. 2007).  However, on mixed questions of law and fact that do not turn
on the trial court=s
evaluation of witness credibility and demeanor, we conduct a de novo review.  Amador,
221 S.W.3d at 673.  When, as here, no findings of fact were requested or filed,
we review the evidence in the light most favorable to the trial court=s ruling and assume that
the trial court made implicit findings of fact supported by the record.  See
State v. Ross, 32 S.W.3d 853, 855‑56 (Tex. Crim. App. 2000).

                                                                        Analysis           

For
Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable. Davis v.
State, 947 S.W.2d 240, 243, 245 (Tex. Crim. App. 1997).  The driver and any
passengers are considered seized within the meaning of the Fourth Amendment and
may challenge the legality of the stop.  Brendlin v. California, 551
U.S. 249 (2007).  Under Terry v. Ohio, 392 U.S. 1 (1968), the police can
stop and briefly detain a person for investigative purposes if they have a
reasonable suspicion supported by articulable facts that criminal activity may
be afoot.  United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry,
392 U.S. at 30).  Reasonable suspicion exists when, based on the totality of
the circumstances, the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.  Ford v. State, 158 S.W.3d 488, 492-93 (Tex.
Crim. App. 2005).  This is an objective standard that disregards any subjective
intent of the officer making the stop and looks solely to whether an objective
basis for the stop exists.  Id. at 492.  The factual basis for the
traffic stop or detention need not arise solely from the officer=s personal observation but
may be supplied by information from another person such as an informant.  See
Brother v. State, 166 S.W.3d 255, 259‑60 (Tex. Crim. App. 2005). 
Whether the totality of the circumstances is sufficient to support an officer=s reasonable suspicion is a
legal question that we review de novo.  See Madden v. State, 242 S.W.3d
504, 517 (Tex. Crim. App. 2007).








Appellant
contends that Sheriff Reeves lacked justification for stopping the vehicle for
investigative purposes based upon his stated intention of giving its occupants
a criminal trespass warning.  In this regard, appellant asserts that an attempt
to prevent future criminal activity is an impermissible basis for making a
traffic stop.  We disagree with appellant=s
assessment of Sheriff Reeves=s
actions.  As stated above, an officer=s
reasonable suspicion that a crime has occurred or will soon occur in the future
is a permissible basis for a traffic stop.  Furthermore, Sheriff Reeves
testified that he also stopped the Buick for the purpose of identifying its
occupants.  In this regard, Gray, an informant known to Sheriff Reeves,
reported that the occupants of the vehicle had entered his ranch without
permission in contravention of the Ano
trespass@ markings on
his gate.  Viewing the circumstances objectively, we conclude that Sheriff
Reeves was justified in stopping the Buick so that he could identify its
occupants for the purpose of determining their participation in the criminal
trespass onto Gray=s
ranch and the possible theft of his personal property.  Appellant=s sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is modified and, as modified, affirmed.

 

 

TERRY McCALL

JUSTICE

 

June 25, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We modify the trial court=s
judgment to show that it was AIN THE 90TH
DISTRICT COURT OF STEPHENS COUNTY, TEXAS,@
rather than in AYOUNG COUNTY.@